**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4903**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DONNIE LOMACK MOYER,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:14-cr-00029-CCE-1)

Submitted: June 22, 2015        Decided: July 16, 2015

Before SHEDD, KEENAN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Sarah Jessica Farber, FARBER LAW FIRM, Raleigh, North Carolina, for Appellant. Robert Albert Jamison Lang, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donnie Lomack Moyer pled guilty, pursuant to a plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012). The district court sentenced Moyer to 77 months' imprisonment, the bottom of Moyer's advisory Sentencing Guidelines range. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Moyer's sentence is substantively reasonable. Moyer has filed a pro se supplemental brief, also questioning the substantive reasonableness of his sentence and asserting that trial counsel rendered ineffective assistance. We affirm.

We review a sentence for reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) [(2012)] factors." United States v. Louthian, 756 F.3d 295, 306 (4th Cir.) (citation omitted), cert. denied, 135 S. Ct. 421 (2014).

Moyer has not rebutted the presumption that his within-Guidelines sentence is substantively reasonable. The district court was sufficiently sensitive to the issues Moyer faced after

2

leaving the military, recommending that Moyer undergo psychological, behavioral, and substance abuse treatment while incarcerated. The court also reasonably concluded that Moyer's declaration that he was a changed man did not square with Moyer's recent spurt of criminal activity. Importantly, the court did not ignore counsel's argument for a downward variance; rather, the court explicitly considered the mitigating factors when deciding to impose a sentence at the bottom of the advisory Guidelines range. Finally, it was well within the court's discretion to impose this federal sentence for possession of a firearm consecutively to Moyer's state sentence for possession of marijuana. See U.S. Sentencing Guidelines Manual § 5G1.3(c), p.s. (2013) (providing court discretion to run sentence consecutively to undischarged term of imprisonment when charges are unrelated).

In his pro se supplemental brief, Moyer raises a variety of ineffective assistance of counsel claims. Unless an attorney's ineffectiveness conclusively appears on the face of the record, ineffective assistance claims are not generally addressed on direct appeal. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because there is no demonstrated evidence of ineffective assistance of counsel on the

3

face of the record, these claims should be raised, if at all, in a § 2255 motion.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Moyer, in writing, of his right to petition the Supreme Court of the United States for further review. If Moyer requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Moyer. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>
